THE FURNESSIA.[1]

SMITH v. THE FURNESSIA.

(*District Court, E. D. New York.* April 12, 1887.)

MASTER AND SERVANT — NEGLIGENCE — FELLOW-SERVANT — BOATSWAIN AND STEVEDORE.

Libelant, a stevedore, was employed by the ship-owner to assist in loading a vessel. While so engaged, he was injured by the falling upon him of lumber out of a sling. The boatswain of the vessel was in charge of the steam-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

winch by which the timber was handled. *Held* that, even if the accident occurred by the boatswain's negligence, libelant could not recover, as, under the circumstances of their hiring, he and the boatswain were fellow-servants.

In Admiralty.

*John J. Allen*, for libelant.

*Hill, Wing & Shoudy*, for claimant.

BENEDICT, J. Assuming that what caused the timber to fall out of the sling, and upon the libelant, engaged at the time in stowing the timber in the hold, was negligence on the part of the boatswain of the ship, who for the moment was in charge of the steam-winch by which the timber was lowered to the hold, still the libelant cannot recover. The operation in hand was loading the ship with the lumber. The libelant was a stevedore, engaged in the loading. He was selected by the boss stevedore to work as stevedore, but paid for his work by the ship's owner. The ship was not loaded under a contract, but by men employed by the ship to do the work required. The boatswain was employed by the ship, and his duties were those of a boatswain on a ship. While hoisting in cargo, the steam-winch was run by the ship's crew, and not by the stevedore's men, and the boatswain who was managing the winch at the time of the accident was not subject to the direction of the stevedore, but was one of the ship's crew. Nevertheless he and the libelant were fellow-servants, for they were engaged in a single operation, and each employed by the ship's owner to perform the same. *The Harold*, 21 Fed. Rep. 429. Being engaged with the boatswain in a common undertaking, he cannot recover for damages resulting to him from the negligence of the boatswain while so engaged.

The libel must be dismissed.